IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM YOUNG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-941 |
| STATE FARM LLOYDS AND ARDA BASIBUYUK, | § § § § | |
| Defendants. | § § § § § | |

### DEFENDANT STATE FARM LLOYDS' <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF THIS COURT:

STATE FARM LLOYDS (hereafter "State Farm"), Defendant, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.   PROCEDURAL BACKGROUND

1. On September 18, 2015, William Young filed his Original Petition ("the Petition") in Cause No. C-1-CV-15-007931 in the County Court at Law No. 2, Travis County, Texas, ("The State Court Action") against State Farm.

2. On September 21, 2015, State Farm was served with process. State Farm filed its Original Answer on October 7, 2015.

3. State Farm timely files this Notice of Removal pursuant to 28 U.S.C. 1446 to remove the State Court Action from the County Court at Law No. 2, Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division.

1

## II.    JURY DEMAND

4.  Plaintiff demanded a jury in the State Court Action.

## III.    NATURE OF THE SUIT

5.  This lawsuit involves a dispute over the alleged non-payment or under payment of insurance benefits and the handling of Plaintiffs' insurance claims for damages allegedly caused by a storm occurring on or about May of 2015.[1] Plaintiffs assert causes of action for breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.

## IV.    VENUE

6.  Venue for removal is proper in this district and division under 28 U.S.C. §§ 1441(a) because this district and division embrace the place in which the removed action was pending, the County Court at Law No. 2 of Travis County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

## V.    BASIS FOR REMOVAL

7.  There is complete diversity among the parties properly joined to this suit and the amount in controversy exceeds $75,000.

8.  At the time this action was commenced, Plaintiff William Young was, and still is, a citizen of the State of Texas and resident of Travis County, Texas.[2]

9.  Defendant State Farm was, at the time the civil action commenced, and still is, a citizen of the states of Illinois, Florida and Pennsylvania. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this civil action was commenced, were, and still are, citizens and residents of

---

[1] *See* Pl. Original Pet. § VI, ¶ D.
[2] *Id.* at § II.

2

the states of Illinois, Florida, and Pennsylvania making State Farm a citizen and resident of the states of Illinois, Florida, and Pennsylvania for diversity purposes.[3]

10. Defendant Basibuyuk is a Texas citizen and an employee of State Farm and acted in his capacity as an employee in adjusting Plaintiff's insurance claims. Plaintiff has not asserted a single allegation of any act performed by Defendant Basibuyuk by himself; rather, Plaintiff recites "Basibuyuk on behalf of State Farm," before any factual allegation regarding Defendant Basibuyuk.[4] Such generic allegations are insufficient to state a potential right to relief against Defendant Basibuyuk individually.[5] Because Defendant Basibuyuk was always acting in his capacity as an employee of State Farm, he bears no independent liability, is improperly joined, and his citizenship should be disregarded for purposes of determining complete diversity of citizenship.

11. Plaintiffs also seek "monetary relief in an aggregate amount over $100,000 but not more than $200,000."[6] Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## VI. DEFENDANT BASIBUYUK IS IMPROPERLY JOINED

12.    A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[7] "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[8]

---

[3] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).
[4] *See* Pl. Original Pet. § IV ¶ F, G, H, J, K, L, M, N, and O.
[5] *See Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).
[6] *Id*. at § IV.
[7] *See Gonzales v. Homeland Ins. Co. of New York*, 2011 U.S. Dist. LEXIS 84577 at *5, 2011 WL 3104104 at *2 (S.D. Tex. Jul. 25, 2011).
[8] *Id.* quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).

13.     In order to establish improper joinder, "the removing party must show either that there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 161 (S.D. Tex. 1994). In this case, there is no possibility that the plaintiff will be able to establish a cause of action against Defendant Basibuyuk, the in-state defendant.

14.     Under Texas law, agents are generally not liable for contracts entered into on behalf of the principal or for any actions that are within the scope of their authority. *See French*, 156 F.R.D. at 162. When an agent exceeds his authority under the agency agreement, he becomes personally liable. *See Schwarz v. Straus-Frank Co.*, 382 S.W.2d 176, 178 (Tex. Civ. App.—San Antonio 1964, writ ref'd n.r.e.). Absent allegations that Defendant Basibuyuk was acting in anything other than a representative capacity or that he actually engaged in any deceptive or unfair practices in connection with Plaintiff's claims, thus exceeding his agency authority, Defendant Basibuyuk cannot be held individually liable.[9]

15.     Nowhere in Plaintiff's Petition does he allege that Defendant Basibuyuk exceeded the scope of his authority.[10] On the contrary, Plaintiff specifically added a section entitled "Agency and Respondeat Superior" wherein Plaintiff alleges that any act done by an agent was done with "the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives."[11] Because there is no reasonable basis for this Court to predict

---

[9] *See Arzehgar v. Dixon*, 150 F.R.D. 92, 94-95 (S.D. Tex. 1993) (noting that the insurance agents were added as Defendants "only as an afterthought" and that "Plaintiffs' counsel failed to revise the petition in many places to expand the reach of the allegations beyond" the insurance company).
[10] *See* Pl. Original Pet.
[11] Pl. Original Pet. § III.

that Plaintiff may be able to recover against Defendant Basibuyuk, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

16. Because Plaintiff is a citizen of Texas, Defendant State Farm is a citizen of the states of Illinois, Florida, and Pennsylvania, and because Defendant Basibuyuk has been improperly joined, complete diversity of citizenship exists among the parties.

## VII. PROCEDURAL REQUIREMENTS

17. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

Exhibit A: Index of Matters Being Filed;

Exhibit B: Civil Case Information Sheet;

Exhibit C: Plaintiffs' Original Petition filed on September 15, 2015;

Exhibit D: Citation and executed process for Defendant State Farm Lloyds;

Exhibit E: State Farm Lloyds Original Answer filed October 7, 2015;

Exhibit F: Arda Basibuyuk's Original Answer filed October 7, 2015;

Exhibit G: State Court Docket Sheet;

Exhibit H: Defendant Basibuyuk's Consent to Removal; and

Exhibit I: List of all counsel of record.

18. Defendant Basibuyuk consents in this removal. *See* Exhibit H.

19. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

20. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after filing the same.

21. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the County Clerk for the County Court at Law No. 2 of Travis County, Texas, promptly after filing of same.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional requests any additional relief to which it may be justly entitled.

Respectfully submitted,

DYKEMA COX SMITH
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210.554.5500
210.226.8395 (Fax)

By: */s/ Thomas E. Sanders*
   Thomas E. Sanders
   Texas State Bar No. 00794589
   Travis E. Plummer
   Texas State Bar No. 24079146
   tsanders@dykema.com
   tplummer@dykema.com

*Attorneys for Defendant, State Farm Lloyds*

## CERTIFICATE OF SERVICE

I, Thomas E. Sanders, certify that a true and correct copy of the foregoing instrument was electronically filed this the 20th day of October, 2015 with the Clerk of the U.S. District Court, Western District of Texas, using its electronic case filing system, CM/ECF, thereby serving all counsel of record in this case.

*/s/ Thomas E. Sanders*
Thomas E. Sanders

6395106.1