# EXHIBIT C

Filed: 9/18/2015 9:31:40 AM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-15-007931
Andrea Scott

**C-1-CV-15-007931**

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAM YOUNG | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | AT LAW NO. **2** ____ |
| | § | |
| STATE FARM LLOYDS | § | |
| AND ARDA BASIBUYUK | § | |
| Defendants | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES WILLIAM YOUNG ("Plaintiff"), complaining of STATE FARM LLOYDS ("State Farm") and ARDA BASIBUYUK ("Basibuyuk") (collectively, "Defendants"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, WILLIAM YOUNG, is a resident of Travis County, Texas.

Defendant, STATE FARM LLOYDS, is a corporation engaged in the business of insurance in this state. It may be served with process by serving its registered agent, Corporation Service Company, by certified mail, return receipt requested, at 211 E. 7th St., Ste. 620, Austin, TX 78701-3218. Plaintiff requests service at this time.

Defendant, ARDA BASIBUYUK, is a Texas citizen residing in Texas and may be served with process by certified mail, return receipt requested, at 10003 Blue Martin Cir., Austin, TX 78750-2201. Plaintiff requests service at this time.

## III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## IV. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47 regarding Claims for Relief, the Plaintiff seeks monetary relief in an aggregate amount over $100,000, but not more than $200,000.

Venue is proper in Travis County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Travis County, Texas.

## V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

A.    Plaintiff is the owner of a Texas Homeowners Policy No. 83-BY-X615-1, issued by State Farm (the "Policy").

B.     Plaintiff owns the insured property, which is specifically located at 5100 Meadow Creek
       Cove, Austin, Texas 78745 (the "Property").

C.     State Farm, or its agent(s), sold the Policy, insuring the Property, to Plaintiff.

D.     In or about May 2015, Plaintiff experienced a storm that damaged the Property. In its track,
       the storm left behind widespread damage to the Property, Plaintiff's home.

E.     The Plaintiff timely submitted a claim to State Farm. State Farm assigned Arda Basibuyuk
       ("Basibuyuk"), to adjust the claim. However State Farm and Basibuyuk were not diligent
       in investigating Plaintiff's loss. State Farm and Basibuyuk failed to timely and accurately
       investigate the covered loss. State Farm assigned claim number 53-665J-912 to Plaintiff's
       claim.

F.     Ultimately, Basibuyuk on behalf of State Farm, inspected Plaintiff's property after the
       storm.  During the inspection, Basibuyuk, on behalf of State Farm, was tasked with the
       responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim,
       including determining the cause of and then quantifying the damage done to Plaintiff's
       home.

G.     Basibuyuk on behalf of State Farm, prepared a repair estimate, which vastly under-scoped
       the actual covered damages to the home. All of the covered damage was not accounted for.
       Further, even the damages that were accounted for were under-scoped. Based upon
       Basibuyuk's estimate, State Farm determined that only $368.53 was due on Plaintiff's
       claim.  Thus, Defendants State Farm and Basibuyuk demonstrated they did not conduct a
       thorough investigation of the claim.

H.     Defendants State Farm and Basibuyuk failed to fairly evaluate and adjust Plaintiff's claim
       as they are obligated to do under the Policy and Texas law. By failing to properly investigate

the claim and wrongfully denying full coverage to Plaintiff, State Farm and Basibuyuk engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

I.      Defendant State Farm failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant State Farm failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant State Farm's conduct constitutes a breach of the insurance contract.

J.      Defendants State Farm and Basibuyuk misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

K.      Defendants State Farm and Basibuyuk's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiff. Defendants' conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

L.      Defendants State Farm and Basibuyuk failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

M.      Defendants State Farm and Basibuyuk failed to explain to Plaintiff why full payment was not being made.  Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants

provide any explanation for the failure to adequately settle Plaintiff's claims. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

N.   Defendants State Farm and Basibuyuk failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

O.   Defendants State Farm and Basibuyuk refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants State Farm and Basibuyuk performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

P.   Defendant State Farm failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

Q.   Defendant State Farm failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct

constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

R.   Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

S.   From and after the time Plaintiff's claim was presented to Defendants State Farm and Basibuyuk, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants State Farm and Basibuyuk have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

T.   As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.  To date, Defendants have failed to and refused to pay Plaintiff for the proper repair of the property.

U.   The Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A.  Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant State Farm has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

Defendants' State Farm and Basibuyuk failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant State Farm's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B.  Cause of Action for Violation of Section 542

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant State Farm's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of the Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendant State Farm has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory

timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. Additionally, if it is determined Defendant State Farm owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

## C. DTPA Cause of Action

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. The Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters.

By their acts, omissions, failures, and conduct that are described in this petition, Defendants State Farm and Basibuyuk have violated Sections 17.46(b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendants' violations include, without limitation:

A.   (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.   As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or

benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.     As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.     As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.     Defendants have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles the Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.     Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.     Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts,

omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants State Farm and Basibuyuk under the Texas Insurance Code. The Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants State Farm and Basibuyuk have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of the Plaintiff's claim and Defendants' failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants State Farm and Basibuyuk are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claim settlement practices;

C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

      F.     Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

      G.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants State Farm and Basibuyuk have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

## E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures, and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

## VIII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX. DAMAGES

The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim. The Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract. The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief more than $100,000, but not more than $200,000.

## X. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendants' breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in

Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XII.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendants are requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (1).

The Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XIV. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

ALLAN, NAVA, GLANDER & HOLLAND, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
serveone@ANGlawfirm.com

By:

M. ALEX NAVA
State Bar No. 24046510
TROY A. GLANDER
State Bar No. 00796634
**ATTORNEYS FOR THE PLAINTIFF**